# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATHERINE E. S.,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 20-1323-JWL |
| KILOLO KIJAKAZI,[2] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) evaluation of Plaintiff's allegation of disabling symptoms resulting from her impairments, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.      Background**

Plaintiff protectively filed an application for DIB on November 9, 2017.  (R. 14, 181-82).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in "failing to properly evaluate [sic] [her] specific allegations regarding her need to lie down during the day."  (Pl. Br. 10) (see n.1 recognizing the Appeals Council (AC) made the final decision in this case and adopted the ALJ's conclusions regarding Plaintiff's allegations of symptoms); see also (R. 6, and 7, finding no. 4).

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the

evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court recognizes that the AC's decision is the final decision of the Commissioner subject to judicial review. (R. 4-8). However, the court agrees with Plaintiff that the AC adopted the ALJ's evaluation of Plaintiff's allegations of disabling symptoms. Id. at 6-7. Therefore, the question for the court's review is whether the ALJ's evaluation was erroneous, and the court proceeds to consider and discuss that evaluation.

**II.   Discussion**

Plaintiff acknowledges that the court will usually defer to the ALJ on matters involving the claimant's allegations of symptoms. (Pl. Br. 10) (citing Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994)).[3] But she argues Social Security Ruling (SSR) 16-3p explains that an ALJ's reliance on conclusory statements and recitation of factors is insufficient support for his finding and instructs that the ALJ's:

> decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

(Pl. Br. 11) (quoting Brownrigg v. Berryhill, 688 F. App'x. 542, 546 (10th Cir. 2017) (quoting SSR 16-3p, 2016 WL 1119029, at *9)). Plaintiff summarizes the ALJ's evaluation of her symptoms and points to her reports of symptoms and other evidence which in her view supports and is consistent with her allegations and argues the ALJ picked and chose among the record evidence, citing evidence supporting his decision while ignoring contrary evidence and thereby failed adequately to explain why Plaintiff did not need to lie down for pain relief during the workday. Id. at 11-18.

The Commissioner argues the ALJ reasonably considered Plaintiff's allegations of symptoms and adequately explained his reasons for discounting her alleged need to lie

---

[3] Glass and other cases cited in this decision were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination." Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly changed. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529). Moreover, as Plaintiff points out the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 Fed. Appx. 542, 546 (10th Cir. 2017).

down during the workday to alleviate her pain. (Comm'r Br. 4-8).[4] She points out that the ALJ considered Plaintiff's allegations through time and the progression of Plaintiff's back pain and treatment for it through time and cited the inconsistencies he found. She noted that after Plaintiff's second back surgery the ALJ "found that, while Plaintiff was being treated with ongoing pain medication and steroid injections for chronic back pain, early 2019 neurosurgical records indicated no need for additional surgeries, a largely normal examination, and 'controlled' symptoms." (Comm'r Br. 6) (citing R. 21, 850). She points out that the mere presence of pain is not disabling, but "[t]o be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Id. at 7 (quoting Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir. 1986)). She concludes by arguing that Plaintiff's argument is merely a request that the court reweigh the evidence and find her disabled. Id. at 8.

In her Reply Brief, Plaintiff explicitly argues, "it is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." (Reply 2) (quoting Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004)). Plaintiff again points to evidence arguably supporting her allegations and argues the ALJ did not adequately explain why his findings "impeached [her] statements in light of the other corroborating findings" to which she cited. Id. 3. Plaintiff argues that her treatment history of ongoing and escalating care and pain relief

---

[4] The court notes that the Commissioner failed to number the pages of her brief in this case. Therefore, the court uses the page numbers supplied by the software it uses to read the .pdf file stored in its Case Management/Electronic Case Filing (CM/ECF) system.

attempts and her reports to her medical providers that lying down provided relief from her pain supports her allegations.  Id. 4.

### A. Discussion

An ALJ's evaluation of a claimant's allegations of symptoms is generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  Such evaluations "are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  Therefore, in reviewing the ALJ's determinations, the court will usually defer to the ALJ on matters involving a claimant's allegations of symptoms.  Glass, 43 F.3d at 1395; but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule").  "However, '[f]indings as to [allegations of symptoms] should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"  Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

Plaintiff misses the significance of the ALJ's careful presentation of the history and treatment of Plaintiff's back pain.  He noted she had ongoing issues with arthritis and back pain leading to chiropractic treatment in 2015 leading to reduction in pain levels to 3 out of 10 in 2016 and continuing to 3-4/10 in February 2017.  (R. 20).  He noted Plaintiff had a back surgery in March 2017 with generally good results until she fell in May 2017, resulting in increasing pain.  Id.  He noted she underwent nerve blocks,

7

epidural injections, and physical therapy and reported no relief, finally culminating in a second surgery in April 2018, id. 20-21,

> after which the claimant was noted to be doing well from a clinical standpoint and the claimant's physical examinations revealed minimal objective evidence of ongoing back limitations. (Exhibit 10F, page 29, 35 [R. 622, 628)]). Follow-up notes from May 2018 reflect that the claimant was reporting doing quite well and her back pain had significantly improved. (Exhibit 14F, page 12 [(R. 698)]).
>
> The claimant is currently treated with medication management and steroid injections for her reports of chronic back pain. Updated MRI of the lumbar spine showed several areas of degenerative changes, but no significant stenosis. Neurosurgical records reflect that in February 2019, there was no need for surgical intervention, physical examination revealed normal strength and reflexes, and the claimant's symptoms were described as controlled. (Exhibit 5F, page 5; Exhibit 15F; Exhibit 16F; 18F [(R. 570, 849-91, 899-914)]).

(R. 21).

With the exception of the ALJ's citation to exhibit 5F, p.5 (R. 570), the evidence to which he cites supports his findings. That page relates to a treatment note in October 2017. Exhibit 15F, p.5 however, is dated February 9, 2019 and states "MRI of the lumbar spine show [sic] several degenerative changes, but not significant stenosis," supporting the ALJ's specific findings and suggesting the reference to exhibit 5F is a typographical error. (R. 853). The court has reviewed all the evidence cited by the ALJ and by Plaintiff in her briefs and finds no error in the ALJ's evaluation. The significance of the ALJ's presentation is that Plaintiff did have periods where her back pain was apparently worsening but she received treatment which appeared to control her pain for periods of time until the pain worsened, requiring increasingly aggressive treatment. Plaintiff cites to record evidence before her second surgery suggesting disability, but the

significance of the ALJ's evaluation is that Plaintiff reported temporary improvement with the increased treatment and there was no period of disability.  The record after the second surgery in April 2018 supports the ALJ's assessment that Plaintiff has continuing pain but does not support a need to lie down during the workday.  Moreover, the ALJ was aware of, and discussed, Plaintiff's alleged need to lie down during the workday. (R. 19-20).  Plaintiff's argument that she told her healthcare providers lying down helped to alleviate her pain does not require a different result.  Plaintiff's arguments suggest that she believes she must be free from pain in order to work, but such is not the case.  As the Commissioner points out, Plaintiff must demonstrate her pain is so severe as to preclude work, and she has not done so.  Plaintiff's argument that the ALJ picked and chose among the evidence and ignored evidence favorable to a finding of disability is also unavailing.  As noted above, the ALJ acknowledged all the evidence and explained his consideration.  In accordance with SSR 16-3p, he "clearly articulated [his evaluation of the evidence] so the individual [Plaintiff] and any subsequent reviewer [this court] can assess how the adjudicator evaluated the individual's symptoms."  More is not required.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated September 23, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**